UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OLGA LOPEZ and ELIZABETH CHAVEZ,

    Plaintiffs,

— against —

FOUR DEE, INC., EDMUND DWECK, STEPHEN DWECK, and GREGORY DWECK,

    Defendants.

**MEMORANDUM AND ORDER**

11-CV-1099

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 19 2012 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Olga Lopez and Elizabeth Chavez sue Four Dee, Inc. ("Four Dee"), their former employer. Also named as defendants are members of the company's senior management. Plaintiffs' employment with Four Dee, a designer, manufacturer, and distributor of jewelry and women's accessories, was terminated in 2009; both had worked at the company for over fifteen years. *See* Defendants' Rule 56.1 Statement of Facts ¶¶ 4-5, Lopez et al. v. Four Dee Inc., et al., No. 11-CV-1099 (E.D.N.Y. Apr. 30, 2012), CM/ECF No. 19-12. Plaintiffs commenced this action in March 2011 by filing a complaint in this court. *See* Complaint ("Compl."), Lopez et al. v. Four Dee Inc., et al., No. 11-CV-1099 (E.D.N.Y. Mar. 8, 2012), CM/ECF No. 1.

    Asserted by plaintiffs are a variety of claims. It is contended that defendants' firing of plaintiff Lopez—who gave birth to a child shortly before her employment was terminated—violated the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*, and that the defendants unlawfully retaliated against both plaintiffs because of Lopez's exercise of her FMLA-protected rights. *See* Compl. ¶¶ 36-37, 48-49; *see also* 29 U.S.C. § 2615(a)(2). Plaintiffs argue additionally that the termination of their employment violated their right to make and

1



enforce contracts free of discrimination on the basis of race. *See* 42 U.S.C. § 1981; Compl. ¶¶ 38-39. They also claim that defendants violated New York state law and the New York City administrative code by discriminating against plaintiff Lopez because of her sex and her pregnancy, and by discriminating against both of them because of their race; they also assert that defendants violated New York state law by denying them vacation pay, paid sick leave, and paid personal leave. *See* Compl. ¶¶ 40-47, 50-51.

Filed in April 2012 was the instant summary judgment motion. *See* Memorandum of Law in Support in Support of Defendants' Motion for Summary Judgment ("Def. Mem."), Lopez et al. v. Four Dee Inc., et al., No. 11-CV-1099 (E.D.N.Y. Apr. 30, 2012), CM/ECF No. 19-10. Argument on the summary judgment motion was heard in June 2012.

For the reasons that follow, the defendants' motion for summary judgment is granted in part and denied in part.

Summary judgment is granted in favor of defendants, on consent, on plaintiffs' claims asserted pursuant to 42 U.S.C. § 1981, the New York Labor Law, and the New York State Human Rights Law insofar as plaintiff requests relief for alleged race discrimination in the provision of vacation, sick, and personal leave. Summary judgment is also granted on consent in favor of defendants Stephen Dweck and Gregory Dweck on all claims asserted against them. The corporate defendant and Edmond Dweck—named in the complaint as "Edmund" Dweck— are the only remaining defendants.

The existence of genuine questions of material fact preclude the court from granting summary judgment on plaintiff Lopez's FMLA interference and retaliation claims, as well as her sex and pregnancy discrimination claims asserted pursuant to state and local law. *See* Fed. R. Civ. P. 56(a); *see also* Compl. ¶¶ 36-37, 40-43, 48-49.

2

Whether the FMLA retaliation claim of plaintiff Chavez—*see* Compl. ¶¶ 48-49—can proceed to trial presents a difficult question of law. Plaintiffs' contention, essentially, is that Chavez's employment was terminated as a result of Lopez's exercise of FMLA-protected rights. *See id.*; *see also* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment 17, Lopez et al. v. Four Dee, Inc., et al., No. 11-CV-1099 (E.D.N.Y. May 25, 2012), CM/ECF No. 26.

The FMLA provides to eligible employees—and plaintiffs' status as eligible employees has not been disputed—an entitlement to twelve workweeks per year of unpaid leave "[b]ecause of the birth of a son or daughter of the employee and in order to care for such son or daughter," 29 U.S.C. § 2612(a)(1)(A), and the statute generally guarantees that an employee taking FMLA leave will be restored to his or her original position after returning from leave. *See id.* § 2614(a)(1).

Most importantly for present purposes, the statute bars employers from taking retaliatory action as a result of the exercise of FMLA-guaranteed rights. The statute provides that:

> It shall be unlawful for any employer to discharge or in any other manner discriminate *against any individual for opposing any practice* made unlawful by this subchapter.

*Id.* § 2615(a)(2) (emphasis added). The Court of Appeals for the Second Circuit has applied the familiar *McDonnell Douglas* burden-shifting framework in analyzing FMLA retaliation claims. *See Potenza v. City of New York*, 365 F.3d 165, 167-68 (2d Cir. 2004) (per curiam).

Few courts appear to have addressed the third-party retaliation question precisely. *See Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372-73 (5th Cir. 2008) (dictum); *Paynter v. Licking Mem'l. Health Sys.*, No. 02:07-CV-238, 2007 WL 2874804, at *4

(S.D. Ohio Sept. 27, 2007). The United States Supreme Court, however, has recently determined that the antiretaliation provision Title VII of the Civil Rights Act of 1964 broadly "prohibits any employer action that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," including third-party retaliation. *Thompson v. N. Am. Stainless, LP*, 131 S. Ct. 863, 868 (2011) (construing 42 U.S.C. § 2000e-3(a)). The FMLA's antiretaliation provision is similarly expansive. *See* 29 U.S.C. § 2615(a)(2).

Based on the present record, a reasonable jury could conclude that defendants violated the FMLA by firing Chavez to retaliate against Lopez because of the latter's exercise of her FMLA-protected rights. In short, it might be concluded that the defendants intended to punish Lopez by firing her sister. And both the text of the FMLA's enforcement provision and the logic of *Thompson* strongly suggest that Chavez is entitled to bring an action alleging third-party retaliation on her own behalf. *See* 29 U.S.C. § 2617(a)(1) (providing that "[a]ny employer who violates section 2615 of this title shall be liable to any eligible employee *affected*" (emphasis added)); *Thompson*, 131 S. Ct. at 869-70. Summary judgment is therefore denied on Chavez's third-party retaliation claim.

In sum, summary judgment is granted in favor of defendants with respect to plaintiffs' federal-law, state-law, and city-law race discrimination claims, and on their New York Labor Law claim. *See* Compl. ¶¶ 38-39, 44-47, 50-51. Summary judgment is denied on the remaining federal-law, state-law, and city-law claims.

Trial in this matter will proceed as follows. All *in limine* and other outstanding motions will be heard on July 2, 2012 at 10:00 a.m. At least one week before that date, the parties will exchange with each other and submit to the court their lists of witnesses and summaries of their

proposed testimony, lists of exhibits and marked copies of the exhibits that are to be introduced, and their proposed jury charges.

Jury selection in this case shall commence on July 16, 2012. If the parties consent, the jury shall be selected by the magistrate judge. Trial will begin immediately upon conclusion of the selection of the jury.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 14, 2012
Brooklyn, New York